IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | CASE NO. 6:13-CR-61-RWS |
| vs. § | |
| § | |
| § | |
| JOHNNY HINES, JR. (1) § | |

**REPORT AND RECOMMENDATION**
**ON REVOCATION OF SUPERVISED RELEASE**

On January 28, 2020, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Jim Noble. Defendant was represented by Ken Hawk.

*Background*

After pleading guilty to the offense of Continuing Criminal Enterprise, a Class A felony, Defendant Johnny Hines, Jr. was sentenced on September 7, 2004 by United States District Judge Robert Junell, in the Western District of Texas. The offense carried a statutory maximum imprisonment term of life. The guideline imprisonment range, based on a total offense level of 28 and a criminal history category of VI, was 140 to 175 months. Defendant was sentenced to 140 months of imprisonment followed by a 10-year term of supervised release. Defendant's supervision is subject to the standard conditions of release, plus special conditions to include that he shall not be permitted to reside any place where firearms are possessed or stored and shall abstain from the use of alcohol and/or all other intoxicants during the term of supervision.

Defendant completed his term of imprisonment and started his term of supervised release on June 24, 2013. The Eastern District of Texas accepted a transfer of jurisdiction on July 29,

2013. The case was re-assigned to United States District Judge Robert W. Schroeder, III, on August 10, 2018.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on January 14, 2020, United States Probation Officer Laura Palafox alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition): The defendant shall not commit another federal, state, or local crime.** It is alleged that Defendant was convicted of Reckless Driving in Leon County, Texas, on May 23, 2016. It is also alleged that Defendant was arrested in Smith County, Texas, on August 31, 2019, for Possession of a Controlled Substance PG 1 >= 4G < 200G.

2. **Allegation 2 (standard condition 7)**: **The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician**. It is alleged that Defendant submitted urine specimens that tested positive methamphetamine on December 13, 2016, July 18, 2018, and October 23, 2019, and that lab tests confirmed the positive results.

3. **Allegation 3 (special condition): The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer**. It is alleged that Defendant failed to attend his substance abuse counseling appointments as directed on September 11, 2018, November 20, 2018, and December 30, 2019.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class A felony. Accordingly, the

maximum imprisonment sentence that may be imposed is 5 years of imprisonment.  18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing methamphetamine, he is guilty of a Grade B violation.  U.S.S.G. § 7B1.1(a).  Defendant's original criminal history was VI.  The guidelines provide that Defendant's guideline range for a Grade B violation is 21 to 27 months of imprisonment.  The remaining allegations in the petition are Grade C violations.  U.S.S.G. § 7B1.1(a).  The guidelines provide that Defendant's guideline range for a Grade C violation is 8 to 14 months of imprisonment.

*Hearing*

On January 28, 2020, Defendant appeared for a final revocation hearing.  Assistant United States Jim Noble announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 3 of the petition and to jointly request a sentence of 18 months of imprisonment, with no further supervised release.  After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 3 of the petition.  Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Seagoville or, alternatively, FCI Texarkana.

*Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made.  I accept Defendant's plea and find by a preponderance of

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

the evidence that Allegation 3 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 18 months of imprisonment, with no further supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 3 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 18 months of imprisonment, with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Seagoville or, alternatively, Texarkana.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to 18 months of imprisonment, with no further supervised release.

So ORDERED and SIGNED this 28th day of January, 2020.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE